UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Robert C. Taylor,                                              Case No.  3:14-cv-00823

                         Plaintiff

              v.                                               MEMORANDUM OPINION
                                                                     AND ORDER

Paul A. Moore, et al.,

                         Defendants

On April 17, 2014, Plaintiff Robert Taylor filed a complaint seeking a declaratory judgment and other relief against Defendants Paul Moore and Kinsale Capital Partners, LLC.  (Doc. No. 1). Approximately 20 months earlier, Moore had filed a complaint in an Illinois state court, asserting Taylor owed him a substantial commission arising out of certain business dealings between the two. Taylor asserts Moore's cause of action arises out of Illinois law, while Taylor believes federal law governs.  (Doc. No. 1 at 6).  Defendants filed a motion to dismiss Taylor's complaint for lack of personal jurisdiction or, in the alternative, because venue is improper or under the doctrine of abstention.  (Doc. No. 12).  For the reasons stated below, Defendants' motion is granted.

"[T]he circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention."  *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976).  The *Colorado River* doctrine applies where the concurrent state and federal actions are parallel.  *Crawley v. Hamilton Cnty. Comm'rs*, 744 F.2d 28 (6th Cir. 1984); *see also Romine v.*

*Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998) ("'[E]xact parallelism' is not required; '[i]t is enough if the two proceedings are substantially similar.'") (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989)).  I conclude the Taylor and Moore actions are substantially similar and therefore parallel, as Taylor's complaint draws on the same set of facts as Moore's lawsuit in Illinois and the cases involve the same parties.

The Supreme Court has identified eight factors district courts must consider in deciding whether to defer to a state court's concurrent jurisdiction: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.  *Romine*, 160 F.3d at 340-41 (6th Cir. 1998).  A district court must carefully balance these factors as they apply in a given case.  *Id.* at 341.

The only factor which weighs conclusively against dismissal is the fact that the case does not involve a claim to property.  *See id.* at 341.

Taylor's principal contention is that the state court action is inadequate to protect his rights, as he admits "[t]he purpose of this action is to ensure that a state court does not incorrectly interpret and fail to apply federal law."  (Doc. No. 15 at 21).  Taylor does not attempt to offer any explanation for his disparaging presumption that the Illinois court will intentionally ignore federal law and misapply state law.  "The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamemanship or that result in conflicting adjudications."  *Romine*, 160 F.3d at 341 (quoting *Lumen Constr., Inc. v. Brant Constr. Co.*, 780 F.2d 691, 694 (7th Cir. 1985)).  Taylor's accusation loses further credibility in light of his claim that "[n]o substantial activity has occurred" in the Illinois lawsuit except for the taking of Taylor's deposition and the setting of procedural deadlines, including a July 2015 trial date.  Taylor

fails to identify any action or inaction by the Illinois court which conceivably could support his assertions.

The federal forum would be less convenient to the parties, as Taylor alleges Moore is a citizen of Illinois and Kinsale Capital is an Illinois limited liability company. (Doc. No. 1 at 2). Conversely, only Taylor's attorneys, and the escrow agent they used, are based in Toledo, Ohio. Moreover, Taylor's arguments concerning deference to the plaintiff's choice of forum ring hollow in light of his apparent attempt to obtain a new forum nearly two years after Moore first filed suit in Illinois. (*See* Doc. No. 15 at 23-26).

Contrary to Taylor's assertion, there plainly is a substantial risk of piecemeal litigation here. (*See* Doc. No. 15 at 21). "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. Taylor does not seek an injunction prohibiting the Illinois court from proceeding with the litigation before it. Nor does there appear to be any legal basis for such a hypothetical request. *See* 28 U.S.C. § 2283; *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375 (2011).

The Illinois court obtained jurisdiction first, as Moore filed suit in July 2012. Thus, this factor weighs in favor of dismissal.

Lastly, I will analyze the fifth and eighth factors together. The parties dispute the source of governing law. It is true "'the presence of federal law issues must always be a major consideration weighing against surrender' of federal jurisdiction in deference to state proceedings." *Romine*, 160 F.3d at 342 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983)). It also is true, however, that the source-of-law factor has "less significance" when the jurisdiction of the state and federal courts to enforce the federal law is concurrent. *Moses H. Cone*, 460 U.S. at 25. Taylor can raise federal law without hindrance in the Illinois state court.

In sum, "[t]here can be no legitimate contention that the . . . state courts are incapable of safeguarding [Taylor's] rights." *Romine*, 160 F.3d at 342. For these reasons, Defendants' motion to

dismiss is granted and Taylor's complaint is dismissed without prejudice pursuant to the *Colorado River* doctrine.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge